UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESUS RODRIGUEZ RODRIGUEZ,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>CALVIN JOHNSON, et al.,<br><br>　　　　　　　　　　　Respondents. | Case No. 2:22-cv-00912-ART-DJA<br><br>**Order Granting Motion for Stay and Abeyance**<br><br>(ECF No. 10) |

　　　In his 28 U.S.C. § 2254 habeas corpus petition, Jesus Rodriguez Rodriguez challenges his conviction pursuant to a guilty plea of attempted sexual assault of a minor under 14. (ECF No. 5.) The state district court sentenced him to a term of 84 to 210 months. (*Id.* at 2.) He now moves for a stay and abeyance of his federal petition while he litigates his first state postconviction habeas petition. (ECF No. 10.) The Court grants the motion for stay.

　　　In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. First, "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. And the relief "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* Moreover, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

　　　The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines. See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005).

Thus, the court may stay a petition containing both exhausted and unexhausted claims, as well as a wholly unexhausted petition if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *See Rhines*, 544 U.S. at 278; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016).

Here, Rodriguez, who is represented by the Federal Public Defender, states that he has a timely first state postconviction petition pending in state district court. (ECF No. 10 at 2.) Respondents filed a notice of non-opposition to the motion to stay. (ECF No. 11.) They state that they do not waive any arguments regarding potential procedural defenses or the merits of the claims. (*Id.*) Accordingly, the Court grants the unopposed motion for a stay and abeyance.

IT IS THEREFORE ORDERED that Petitioner's motion for a stay and abeyance **(ECF No. 10) is GRANTED**.

IT IS FURTHER ORDERED that this action is stayed pending final resolution of Petitioner's state postconviction habeas petition.

IT IS FURTHER ORDERED that the grant of a stay is conditioned upon Petitioner returning to federal court with a motion to reopen the case within 45 days of the issuance of the remittitur by the state appellate court at the conclusion of the state-court proceedings on the postconviction habeas petition.

IT IS FURTHER ORDERED that the Clerk of Court administratively close this action, until such time as the Court grants a motion to reopen the matter.

DATED THIS 14th day of April 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE